UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JADA R.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

Case No. 2:26-cv-10721
District Judge Jonathan J.C. Grey
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT THE COMMISSIONER'S MOTION TO DISMISS (ECF No. 3)**[2]

## I. Introduction

This is a social security case. Plaintiff Jada R. brings this action under 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security (Commissioner) denying her application for Supplemental Security Income (SSI) under the Social Security Act (the Act). (ECF No. 1).

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initials. *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

[2] Upon review of the motions, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

Before the Court is the Commissioner's motion to dismiss on the grounds that the complaint was not timely filed. (ECF No. 3). Plaintiff filed a response (ECF No. 4), and the time for filing a reply has passed. The case was assigned to a district judge and referred to the undersigned on August 14, 2026. (ECF No. 8). For the reasons discussed below, the undersigned RECOMMENDS that the Commissioner's motion be GRANTED and the case be dismissed.

## II. Background

According to the affidavit of Rosanna Mapp, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for SSI benefits on April 16, 2025. (ECF No. 3-1, PageID.22). Thereafter, Plaintiff requested review of this decision, and on October 30, 2025, the Appeals Council sent Plaintiff notice that the denial was upheld. (*Id.*). In the Appeals Council's Notice of Denial of Request for Review (Notice), Plaintiff was informed that she had 60 days, starting the day after her receipt of the notice, to request judicial review of the decision. (*Id.*; ECF No. 3-3). The Notice also said that the Appeals Council would assume that Plaintiff received the Notice five days after the date of the Notice, or by November 4, 2025, unless Plaintiff showed otherwise. (*Id.*) Therefore, under the Notice, Plaintiff had until January 5, 2026 to file a civil action. On December 26, 2025, Plaintiff's counsel requested an extension of time

to file a civil action, which was denied on March 19, 2026. (ECF No. 3-1, PageID.22; ECF No. 3-4; ECF No. 3-5). Plaintiff filed her complaint on March 3, 2026, long after the sixty-days allotted but before the Appeals Council had ruled on the request for additional time. (ECF No. 1).

## III. Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v.*

*Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

## IV. Analysis

### A. Standard

The Commissioner says that the complaint must be dismissed because it was not filed within the required time frame. Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision ... is received by the individual.... For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision ... shall presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). This is also consistent with Federal Rule of Appellate Procedure 4(a)(1)(B) which states that "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."

As noted above, the Appeals Council's denial of a claimant's request for review constitutes a final decision. The 60-day limitations period runs from the

date the claimant receives the denial notice. As noted above, there is a five day "grace period" before the 60 days begins to run, so the date of receipt of the notice is presumed to be five days after the date of that notice. Rule 26(a)(3) of the Federal Rules of Appellate Procedure provides that when the final day of an appeals period falls on a Saturday or a Sunday, then those days are excluded in computing the time period. Fed. R. App. P. 26(a)(3). If the appeals period ended on a Saturday or Sunday, the appellant accordingly would have until the following Monday to timely file.

The congressional purpose of § 405(g) was to "impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

### B. Application

Here, the parties do not dispute that the Appeals Council issued its decision on October 30, 2025, and Plaintiff presumptively received it five days later, on November 4, 2025. Plaintiff then had 60 days, until January 5, 2026 (because January 4 was a Sunday), to file her complaint. Plaintiff did not file the complaint until March 3, 2026, almost two months late.

As noted above, on December 26, 2026, Plaintiff initially requested additional time to file her case to the Appeals Council

> to conduct a thorough review of the administrative record, including the assessment of medical and vocational evidence and the determination of appropriate issues for judicial review. This review is necessary to ensure that any civil action filed is well-grounded in fact and law and complies with applicable procedural and ethical obligations.

(ECF No. 3-4, PageID.46). The request was denied by the Appeals Council because it

> found no reason under [its] rules to extend the time to file a civil action. Because you have had access to the file as the administrative representative, we find that needing additional time to review the record and complete the forms required for the initiation of a civil action is not a good reason for making or granting the request.

(ECF No. 3-5, PageID.47).

Plaintiff argues that the sixty-day period in 42 U.S.C. § 405(g) is analogous to a statute of limitations subject to equitable waiver and believes that waiver is appropriate in this case. The Supreme Court has stated that "cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).[3] Plaintiff bears the burden of

---

[3] *Bowen* is the only case cited by Plaintiff in support for tolling the statutory limitations period. The Court has searched for other cases in the Sixth Circuit where the statute of limitations was subject to equitable tolling under similar circumstances and has found none. In this Circuit, the statute of limitations has been tolled in situations where Plaintiff was pursuing a class action which was

establishing that the circumstances warrant equitable tolling. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). To decide whether equitable tolling applies, the Sixth Circuit considers "(1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).

For the first two factors, Plaintiff demonstrated a clear knowledge and notice of the filing requirement by requesting an extension of time to file shortly before

---

denied, *Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 371 (6th Cir. 2021), or where putative class members appealed adverse decisions that were allegedly based on a system of unpublished policies and procedures contrary to the Social Security Act, *Day v. Bowen*, No. C-1-87-800, 1990 WL 357274, at *1 (S.D. Ohio Jan. 22, 1990). A search of cases from other jurisdictions where the statute of limitations was equitably tolled involve quite different factual circumstances. For instance, in *Stapleton v. Acting Comm'r of Soc. Sec.*, No. C22-5845 TLF, 2023 WL 3645671, at *1 (W.D. Wash. May 25, 2023), Plaintiff's counsel filed an extension request, then re-filed the request after the Appeals Council said it had not received it, and was granted a 60-day extension. Further, the letter granting the extension was sent to the wrong attorney, so Plaintiff's case was filed after that time had passed. In *Payne v. Astrue*, No. 12-CV-00437-AP, 2012 WL 2016402, at *1 (D. Colo. June 4, 2012), Plaintiff argued that her counsel "suffers from an ailment that limits her ability to monitor deadlines and other case-related matters" and ordinarily employs a legal assistant to assist with this, but at the relevant time, Plaintiff's counsel was "working without a legal assistant and miscalculated the date on which [Plaintiff's] filing was due." And the complaint was only filed three days late.

the deadline. Plaintiff has not argued that she or counsel believed that filing the request would automatically toll the limitations period. As to the third factors, Plaintiff says that her administrative counsel—who is also the counsel currently representing her in this case—made a diligent effort in requesting the extension and faced difficulty in securing qualified federal court counsel. The reasons given, that Plaintiff is a minor with limited resources, are vague and lack detail regarding what efforts were made by her administrative counsel to do *their* duty in ensuring that Plaintiff would be well-represented at the next level.

Regarding prejudice to the Commissioner, the undersigned has previously opined that "[a]lthough the Commissioner may not suffer much prejudice by being required to litigate a case filed one week late, litigating late-filed claims does tax the resources of a busy federal agency that processes 'millions of claims annually." *Allen R. v. Comm'r of Soc. Sec.*, Case No. 2:25-cv-11517, ECF No. 15 (E.D. Mich. October 10, 2025) (quoting *Bowen*, 476 U.S. at 481).

The Court is not unsympathetic to Plaintiff, including the fact that Plaintiff strongly believes that her case is meritorious. However, courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *see also Watson v. Comm'r of Soc. Sec.*, No. 1:06–cv–446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late);

*Zampella v. Barnhart*, No. 03–232–P–C, 2004 WL 1529297 (D. Me. June 16, 2004) ("While this result might be considered harsh, delays of a single day have been held to require dismissal"); *Massey v. Comm'r of Soc. Sec.*, No. 09-CV-14866, 2010 WL 3123299, at *1 (E.D. Mich. July 6, 2010) (dismissing complaint filed over two months late), *report and recommendation adopted*, 2010 WL 3123297 (E.D. Mich. Aug. 9, 2010). As one court put it, "[a]lthough allowing [the plaintiff] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437 (affirming dismissal of complaint filed one day late).

As the Commissioner notes, the Appeals Council may, upon a showing of good cause, extend the time for filing an action in federal district court. *See* 20 C.F.R. § 416.1411. That regulation states, in full,

> (a) In determining whether you have shown that you have good cause for missing a deadline to request review we consider—
>
> (1) What circumstances kept you from making the request on time;
>
> (2) Whether our action misled you;
>
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
>
> (4) Whether you had any physical, mental, educational, or

linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:

(1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.

(2) There was a death or serious illness in your immediate family.

(3) Important records were destroyed or damaged by fire or other accidental cause.

(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.

(5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeals Council review or filed a civil suit.

(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.

(7) You did not receive notice of the initial determination or decision.

(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.

(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

*Id.*

In her request for an extension of time, Plaintiff did not provide any reasons under § 416.1411(a) to the Appeals Council to justify an extension of time, nor did Plaintiff provide a reason for the delay analogous to any example in § 416.1411(b). In sum, Plaintiff's complaint was not timely filed, there was no administrative mistake, and there is no basis for equitable tolling. The complaint should therefore be dismissed.

## V. Conclusion

For the reasons above, the undersigned RECOMMENDS that the Commissioner's motion to dismiss (ECF No. 3) be GRANTED and the case DISMISSED.

Dated: September 30, 2026
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager